SACK, MARTIN, Associate Judge.
Defendant was adjudicated guilty of the crime of “Aiding and Assisting in the Commission of a Felony”, and sentenced to three years in the state prison, consequent upon a plea of nolo contendere. Appellant’s point of appeal involves the refusal of the sentencing judge to allow the withdrawal of the nolo plea and accept a plea of not guilty.
It appears the plea of nolo was negotiated with the knowledge and consent of the state’s attorney and the original trial judge, and under the following circumstances testified to by the original trial judge (who was subsequently replaced by-the sentencing judge):
“Yes, I recall by virtue of the negotiated plea between you and the then-prac-tising prosecutor, Assistant County Solicitor for my then-division.
“It was inquired of me as to whether or not I would accept the plea of ‘no contest’ by the defendant, Mrs. Bookout, with the proviso that if a then-pending appeal from another criminal prosecution in the Federal court should be resolved favorably to her, I would then entertain and consider and grant a withdrawal of that plea and give the lady an opportunity to plead ‘not guilty’ and have the cause go tp trial.
“I had discussed this with you and with the prosecutor. The prosecutor was in favor of it and under the circum *189 stances and conditions I acknowledged that I would accept such an arrangement.”
The criminal prosecution in the Federal court was resolved favorably to appellant, and under the negotiated plea, she should have had an opportunity to plead “not guilty”.
The state concedes error and we agree. Accordingly the judgment- below is reversed and remanded to the lower court with directions to permit withdrawal of the plea of nolo contendere and allow substitution of a plea of not guilty.
Reversed.
WALDEN and OWEN, JJ., concur.