[No. 3126-2.   Division Two.   December 7, 1978.]

*In the Matter of the Personal Restraint of*
MICHAEL FRANCIS PALODICHUK,
*Petitioner.*

*Michael H. Hicks,* for petitioner (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—Michael Francis Palodichuk has filed a personal restraint petition seeking to vacate his plea of guilty and sentence to the crime of taking a motor vehicle without permission. Two issues are raised in his petition: (1) whether the prosecutor breached the plea bargain agreement by his statements in his presentence report and by references to the report at the sentencing hearing; and (2) if the prosecutor did breach his agreement, whether the proper remedy is to allow petitioner to withdraw his plea of guilty.

The facts are not in dispute. On February 20, 1975, the prosecuting attorney's office in Grays Harbor County charged petitioner with taking a motor vehicle without permission. After reaching a plea bargaining agreement with the prosecutor's office that the prosecutor would recommend a suspended sentence with a 4-year probation, petitioner entered a plea of guilty to the charge on March 14, 1975. At this time the judge ordered a presentence report from the probation department.

The sentencing hearing was held on April 11, 1975. Three presentence reports were submitted pursuant to local court rules, those prepared by the probation department, the prosecutor, and the defense. The report of the probation department considered petitioner to be a "probationary risk" and recommended that the court impose the maximum sentence. This recommendation was based on petitioner's past history of approximately nine juvenile and misdemeanor arrests and his previous record of probation violations in Clark County. The prosecutor's report recommended probation as agreed. However, after stating petitioner's past record in great detail, the prosecutor noted that he had "second thoughts" about the recommendation:

> At the time Mr. Palodichuk pled guilty and I indicated to his attorney what my recommendation would be, I was not aware that he had been on a probationary program in Clark County.

At the time he pled guilty, and without the information of a prior probation, I indicated that I would recommend that Mr. Palodichuk be granted a four year suspended sentence . . . [and] probation . . .

*. . . Candidly, the additional information from Mr. Williams* [the probation officer in Clark County] *has caused second thoughts about that recommendation.*

. . .

Mr. Palodichuk, clearly, will be a probation risk. If he is granted probation, it is my hope that the probation will be a strictly supervised probation and that it will be directed toward rehabilitation of Mr. Palodichuk, and hopefully in the direction of his expressed goals.

(Italics ours.) At the sentencing hearing the prosecutor made the following statement in reference to his report:

THE COURT: Do you have anything further?

[PROSECUTOR:] Your Honor, I don't have really very much to add to my presentence report. I find Mr. Palodichuk's pattern, as far as I can trace back, a crazy–quilt pattern, no consistency . . . I think that the only way probation could work for Mr. Palodichuk is a type of structured probation . . . with a number of conditions he has to live up to in order to remain on probation. That is all.

Based on petitioner's past record, the sentencing judge ordered that he serve 10 years' maximum imprisonment. Petitioner served approximately 2 years and 9 months of this sentence and has been on active parole status since November 8, 1977.

■ The prosecutor claims that he did not breach the plea bargain agreement since he did in fact recommend probation as promised. We cannot agree. Due process requires that the prosecutor adhere to the terms of a plea bargain agreement. *Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). If the prosecutor breaches the agreement, deliberately or otherwise, the accused may be allowed to withdraw the guilty plea or specific performance of the agreement may be ordered by the state court. *Santobello v. New York, supra* at 263. The purpose of this rule is to deter prosecutorial misconduct in

order to preserve the integrity of the plea bargaining process. "[T]his is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." *Santobello v. New York, supra* at 263.

In the present case, the prosecutor did not expressly violate the terms of the agreement since he recommended probation as promised. However, by his reservation he tainted the sentencing process so that a breach in fact did occur. This less than wholehearted support for the terms of the plea bargain agreement was held to constitute a breach in *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974). In *Brown* the court reasoned that *Santobello* requires that any breach of the agreement, whether or not it actually influenced the sentencing judge, entitled the accused to relief. Such a breach occurs when "[t]he government effectively undercut[s] the agreement" in statements by the district attorney that he has reservations about the agreement:

> The test established to be applied by us is thus an objective one—whether the plea bargain agreement has been breached or not—irrespective of prosecutorial motivations or justifications for the failure in performance.

*United States v. Brown, supra* at 378. The principle established in *Brown* has been accepted by a growing number of jurisdictions. *United States v. Grandinetti,* 564 F.2d 723 (5th Cir. 1977); *Snowden v. State,* 33 Md. App. 659, 365 A.2d 321 (1976); *Burroughs v. State,* 30 Md. App. 669, 354 A.2d 205 (1976); *State v. Witte,* 308 Minn. 214, 245 N.W.2d 438 (1976).

We cannot agree with the prosecutor's contention that petitioner had only an expectancy that the State would recommend probation as promised, and that the prosecutor's discovery of information relevant to sentencing subsequent to entering the plea bargain excused his performance of the agreement. Under the reasoning of *Santobello v. New York, supra,* and *United States v. Brown, supra,* petitioner had a right analogous to a contract right once the plea bargain was entered; in exchange for his renunciation

of his right to jury trial, the petitioner had a right to insist that the prosecutor adhere to the terms of the agreement and recommend probation. As in the law of contracts, a party to an agreement cannot refuse to adhere to the terms of a bargain because it later discovers information which may have caused it to enter a different bargain without suffering the consequences of a breach.

We recognize that the decision to grant or deny probation rests exclusively within the discretion of the trial judge, *State v. Skinner,* 3 Wn. App. 367, 369, 475 P.2d 129 (1970), and that the judge may consider whatever information necessary to impose sentence. *E.g., State v. Buntain,* 11 Wn. App. 101, 106, 521 P.2d 752 (1974). No doubt the sentencing judge may have imposed the 10–year sentence whether or not the prosecuting attorney had expressed his reservations to the granting of probation. The sentencing judge is not bound to follow the prosecutor's sentencing recommendation he has agreed to make as part of a plea bargain. *In re Hughes,* 19 Wn. App. 155, 575 P.2d 250 (1978). However, our concern rests entirely on the conduct of the prosecutor and the integrity of the plea bargaining process. We hold that by his reservations to the agreement to grant probation expressed in his presentence report and comments to the sentencing judge, the prosecutor breached the terms of the plea bargain agreement entered with petitioner.

Having determined that petitioner's right to insist that the prosecutor adhere to the terms of the agreement was violated, we now address the question of the proper remedy. Two alternative remedies are available to the petitioner. The guilty plea can be voided and petitioner allowed to enter a plea of not guilty, or specific performance of the plea bargaining agreement can be ordered with resentencing done before a different judge with the order that he impose the sentence agreed upon in the plea bargain. *Santobello v. New York, supra* at 263. The choice of remedy depends upon the "circumstances of the case." *Santobello v. New York, supra.* The concurring opinion in *Santobello,*

joined by a majority of the justices, would make the defendant's choice of remedies binding. *Santobello v. New York, supra* at 263-67.[1]

In *State v. Pope,* 17 Wn. App. 609, 564 P.2d 1179 (1977), we held that CrR 4.2(f) places full discretion in the trial court to select the type of relief justified by the circumstances of the case. We suggested some general guidelines for use by the trial courts in determining whether the particular remedy selected will, in a fair way, restore defendant to the position he would have been in had the prosecutor adhered to the plea bargain agreement.

Under certain circumstances, however, the appellate courts are justified in determining as a matter of law that a particular remedy is necessary in the interests of justice. In *State v. Tourtellotte,* 88 Wn.2d 579, 564 P.2d 799 (1977), our Supreme Court mandated specific performance of a plea bargain, where, after accepting the plea pursuant to an agreement, the court granted the State's motion to have the plea withdrawn because the victims of the crime objected to the plea bargaining at the time of sentencing. *See also State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975); (Supreme Court ordered specific performance of a plea agreement when defendant was misinformed as to the length of the mandatory minimum sentences involved).

The present case involves unusual circumstances under which we believe the trial court's discretion should be circumscribed. Here petitioner has served approximately 2 years and 9 months of the 10-year sentence imposed, and since November 8, 1977, has been on active parole status. In his petition he stated: "In my situation, I am asking for a withdrawal of the plea. Specific performance of my plea bargain agreement is rather unrealistic now." However, in his brief counsel asserts that the only relief which would restore defendant to his original status would be to vacate the judgment and sentence and order the charges dismissed. We disagree.

---

[1]Apparently only seven members of the court participated in this decision.

Because of petitioner's lengthy incarceration, no remedy at this time would restore him to his original status. However, had he been given a suspended sentence with 4 years' probation as the plea agreement contemplated, the probation period would expire on April 11, 1979 (4 years from the date of sentencing). Petitioner is currently on active parole status and could potentially remain in that status under his present sentencing for the balance of the 10–year term (1985). Contrary to petitioner's contention that specific performance of his plea agreement is "unrealistic," such a remedy would result in a discontinuation of supervised (probation) parole some 6 years earlier were he given "probation" time credit for the period in which he has been incarcerated and for the period of his active parole.

On the other hand, were petitioner allowed to withdraw his plea, he would be subject to trial on charges which are now almost 4 years old. If convicted after trial, it is unlikely that his current status would be altered substantially from what it is today, since he would be subject to a 10–year maximum sentence, against which he would be allowed credit for time served. If acquitted, however, the charges against him would ultimately be dismissed.

Under the unusual circumstances of this case, we are of the view that the interests of justice would not be served by an order vacating the judgment and sentence and dismissing the charges. In our view petitioner should be given the choice of either withdrawing his plea and pleading anew, or of being resentenced on his original plea consistent with the plea bargain agreement. In such event, he should be given full credit against the 4–year probationary period for the time served in prison or on active parole.

If petitioner is in fact innocent, he may withdraw his plea and accomplish a dismissal of the charges—the remedy he seeks here—by having his innocence determined after trial.

Accordingly, we remand for further proceedings consistent with this opinion.

Petrie and Soule, JJ., concur.