FRANK D. UPCHURCH, Judge.
Defendant, Paul Eugene Thatcher, entered a plea of nolo contendere to the offense of possession of phencyclidine, commonly known as P.C.P., and reserved his right to appeal all pre-trial motions.
The pre-trial order with which appellant is concerned is a motion to suppress wiretap evidence and certain oral statements.
We find no error and affirm.
Through clerical error, the judgment appealed failed to reflect the reservation of a right to appeal. This omission was not raised until the State filed its answer brief which did not address the points raised by appellant in his brief, instead, counsel for the State raised the point that this court does not have jurisdiction because of the omission of a reservation of a right to appeal as required under Rule 9.140(b), Florida Rules of Appellate Procedure. See also State v Ashby, 245 So.2d 225 (Fla.1971).[1]
Appellant immediately filed an emergency motion to supplement the record on appeal. Although counsel for the State did not handle this matter at trial, he knew or, at the least, was charged with knowledge of the reservation of the right to appeal by appellant. Instead of acknowledging the error and cooperating in its correction, he sought to capitalize on the omission by responding to the motion and contended that, because jurisdiction had vested in the appellate court, the trial court should not be permitted to amend its judgment to reflect the reservation of the right to appeal. We granted the motion to supplement the record and appellant filed an amended judgment reciting reservation of appellant’s right to appeal.
Counsel for the State did not favor this court with a brief directed to the merits, but upon oral argument again insisted that this court could not consider the merits because of the omission in the original judgment. Even if we accepted the State’s contention that the omission, even though corrected, is determinative of this appeal, it probably would not be dispositive. We suspect that defendant could demonstrate that he entered the plea and the State accepted it based on the understanding that he could *165 appeal the narrow point on which the case turned. In such event, defendant would be granted an opportunity to withdraw his plea. Richmond v. State, 375 So.2d 1132 (Fla. 1st DCA 1979); Tamers v. State, 284 So.2d 402 (Fla. 4th DCA 1973); Bookout v. State, 243 So.2d 188 (Fla. 4th DCA 1971). These tactics by the State are especially surprising in view of the strength of the State’s position on the merits.
AFFIRMED.
ORFINGER and COBB, JJ., concur.

. Jurisdictional matters are normally raised by a motion to dismiss the appeal under Rule 9.300, Florida Rules of Appellate Procedure.