[No. 5040–8–III. Division Three. June 16, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY LEE MORLEY, *Appellant.*

46

*Dirk A. Marler* and *Porter, Schwab, Royal & Rowley,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for respondent.

GREEN, J.—On September 16, 1981, defendant was charged with second degree assault. He entered a guilty plea pursuant to *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976), on the basis he could not refute the charge because he was too intoxicated to recall what occurred. In return for this plea, the State agreed to recommend probation. Sentencing was deferred until February 1982, at

defendant's request, to allow him to enter an alcohol treatment program in Spokane. He intended to urge any progress he made with this program as a basis for probation.

At the sentencing hearing, the prosecutor reported defendant failed to enter the alcohol treatment center, but instead consumed alcohol after his release and, on January 15, was arrested "on misdemeanor trespass and possession of marijuana charges" in the Tri–Cities. He concluded:

> The problem that I am faced with: One, I don't want to violate the agreement that I made with [defense counsel] and [defendant]; but, on the other hand, it is my feeling that [defendant] has perhaps violated his part of the agreement . . . I am kind of in a quandry [*sic*], I guess is the problem I'm faced with.

Defendant admitted to becoming intoxicated and being arrested. No inquiry was made or proof offered as to the underlying facts or disposition of the charges.

In pronouncing sentence, the court indicated the consumption of alcohol was a violation of the conditions of defendant's release pending sentencing. The court further stated:

> not only did you use alcohol again, but you *committed two more crimes*. We have done everything we can to help you . . . the string has just run out for you.

(Italics ours.) Defendant was sentenced to not more than 10 years.

Thereafter, defendant moved to set aside the sentence and withdraw his guilty plea on the basis the prosecuting attorney violated the plea bargaining agreement. The State argued defendant's subsequent misconduct released it from the bargain. The court denied this motion without an evidentiary hearing. This appeal followed.

It is evident the State did not keep its bargain and understandably so. It equivocated in its recommendation because of defendant's subsequent misconduct. However, *In re James,* 96 Wn.2d 847, 640 P.2d 18 (1982) controls our disposition of this case.

■ *James* also involved arrests for two misdemeanors after a guilty plea was entered but before sentencing. The court in a 5-to-4 decision held, at page 850, the mere accusation or charge of misconduct by a defendant "does not relieve the State of its bargained-for duty. . . . [T]he issue of noncompliance [by the defendant] is a question of fact to be determined by the court . . ." After reviewing decisions from other jurisdictions, the court also stated, at page 850:

> To ensure fairness, those jurisdictions have required, before relieving the State of its promises, that an evidentiary hearing be held and that the defendant be given an opportunity to call witnesses and have other due process rights, including the requirement that the State prove, by a preponderance of the evidence, that the defendant has failed to perform his or her part of the agreement. . . . Like them, we believe such a procedure is constitutionally required.

Although the trial court did not have the benefit of the *James* decision, that case mandates the sentence be set aside here.

■ *James* also mandates this case be remanded for a determination of whether to allow withdrawal of the plea or specific performance of the bargain. "The appropriate remedy is for the trial court to decide, with the defendant's preference to be accorded considerable weight." *James*, at 852; *see also State v. Pope*, 17 Wn. App. 609, 614-15, 564 P.2d 1179 (1977). Notwithstanding the language of *In re Palodichuk*, 22 Wn. App. 107, 589 P.2d 269 (1978), we construe specific performance to require resentencing before a different judge with the prosecutor making the agreed-upon recommendation, without equivocation. *See Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). This is in "no sense to question the fairness of the sentencing judge . . ." but to preserve integrity of the plea bargaining process. *Santobello*, at 263.

While our review of the record leads us to believe the trial court's determination was justified, we, nevertheless, are constrained to reverse and remand this case "even though the sentencing judge was not bound, nor even influ-

enced, by the prosecutor's recommendation." *In re James, supra* at 850.

Reversed and remanded.

MUNSON, A.C.J., and McINTURFF, J., concur.