[Nos. 16320–5–I; 16240–3–I.   Division One.   January 26, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN CURTIS COLLINS, *Appellant.*

*In the Matter of the Personal Restraint of*
STEVEN CURTIS COLLINS, *Petitioner.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

GROSSE, J.—Steven Curtis Collins appeals his sentence claiming a denial of due process because the prosecutor inadvertently misstated to the Board of Prison Terms and Paroles (now designated as the Indeterminate Sentencing Review Board and hereinafter referred to as Board) the recommended minimum sentence as agreed in the plea agreement. Appellant seeks withdrawal of his guilty plea. He claims the prosecutor breached the plea agreement and that attempts to correct the error did not remedy the breach.

The facts are not in dispute. Appellant was charged with second degree theft in King County Superior Court on April 3, 1984. Upon arraignment on April 5 he pleaded not guilty, but changed his plea to guilty April 16 pursuant to a plea agreement. The terms of the agreement were included in the statement of defendant on plea of guilty.

The agreement, reflected accurately on the sentence recommendation sheet, was that the prosecutor would recommend a minimum sentence of 2 years. The sentencing judge

set the maximum term at 5 years, but left the minimum term for the Board to set. Only the maximum of 5 years was reflected on the judgment and sentence. The Board was misinformed as to the minimum term recommended by the prosecutor due to a scrivener's error which occurred when the information was transferred to the face sheet of the "Statement of Prosecuting Attorney and Sentencing Judge"; the face sheet erroneously stated that a 5-year minimum term was recommended by the prosecutor instead of a 2-year minimum, as agreed. Appellant's counsel, the judge, and the prosecuting attorney signed the form, all apparently unaware of the mistake.

The mistake surfaced when appellant appeared before a panel of the Board and was told that the prosecutor had recommended a minimum sentence of 5 years. Appellant protested the discrepancy in the minimum terms and provided a copy of the correct recommendation. Unimpressed, the panel set appellant's minimum term at 42 months.

Upon learning of the error, both the prosecutor and appellant's counsel notified the Board. The Board, which had already set the minimum term, declined to change it. Apparently, as evidenced by a letter from the supervisor of records and case management, the panel of Board members that had set the minimum term reconsidered appellant's sentence, but decided to leave the minimum term intact due to appellant's past criminal record, failure to rehabilitate, and resisting arrest when apprehended in the present case.

Appellant attempted to file a timely notice of appeal with the King County Superior Court, but was first turned away for failure to file the original documents in the matter and subsequently for attempting to file past the deadline. Appellant then filed a personal restraint petition with the Court of Appeals based on the denial of his right to appeal. That petition was granted. In August of 1985, this court consolidated appellant's personal restraint petition with this appeal and directed counsel to address all issues in appellant's brief.

A plea of guilty constitutes a waiver of significant rights by the defendant, among which are the right to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt. *State v. Tourtellotte*, 88 Wn.2d 579, 564 P.2d 799 (1977) (citing *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971)). Once entered by the court, a plea agreement creates a right analogous to a contract right. *State v. Hall*, 104 Wn.2d 486, 706 P.2d 1074 (1985) (citing *In re Palodichuk*, 22 Wn. App. 107, 589 P.2d 269 (1978)). When a plea rests to such a degree on a promise or agreement of the prosecutor that it is part of the inducement or consideration, that promise must be fulfilled. *State v. Hall, supra* at 490 (citing *Santobello,* at 262). Due process requires that the prosecutor adhere to the terms of a plea bargain agreement. *Palodichuk,* at 109 (citing *Santobello*).

The prosecutor must keep his bargain as stated in the plea agreement.[1] To do otherwise would undercut the basis for the defendant's waiver of his constitutional rights and would undermine the judicial process.

> If a defendant cannot rely upon an agreement made and accepted in open court, the fairness of the entire criminal justice system would be thrown into question. No attorney in the state could in good conscience advise his client to plead guilty and strike a bargain if that attorney cannot be assured that the prosecution must keep the bargain . . .

*Tourtellotte,* at 584.

It does not matter that the mistake was inadvertent. *Santobello.* A defendant is entitled to relief regardless of whether the prosecutor breached the agreement deliber-

---

[1]The prosecutor's duty to fairly and accurately present the terms of the plea agreement to the court should not be confused with the court's ability to use its discretion and dispense with the terms of the agreement. The sentencing judge is not bound by any recommendations contained in an allowed plea agreement. RCW 9.94A.090(2). Promises by the prosecuting attorney that the court will or will not do something are not binding on the court or the Board of Prison Terms and Paroles. *State v. Harris,* 57 Wn.2d 383, 357 P.2d 719 (1960).

ately or otherwise. The test to be applied is "an objective one—whether the plea bargain agreement has been breached or not—irrespective of prosecutorial motivations or justifications for the failure in performance." *Palodichuk,* at 110 (quoting *United States v. Brown,* 500 F.2d 375, 378 (4th Cir. 1974)).

It is a breach of the agreement if the prosecutor recommends a sentence for a longer term or otherwise fails to act as agreed. *In re James,* 96 Wn.2d 847, 640 P.2d 18 (1982) (prosecutor refused to recommend probation as agreed due to information regarding defendant's misconduct in the interim); *Darnell v. Timpani,* 68 Wn.2d 666, 414 P.2d 782 (1966) (prosecutor inadvertently failed to ask for three charges to be dismissed pursuant to defendant's agreement to plead guilty to one of the charges). Wholehearted compliance with the agreement is mandated. *In re Palodichuk, supra* (prosecutor stated terms as agreed, but equivocated upon questioning by the judge).

However, a recent case held that a prosecutor's omission to comply fully with the terms of the agreement was not a breach of the plea agreement. *State v. Hall, supra.* In that case, part of the plea agreement was that the prosecutor would inform the press that appellant was not a part of a specific crime ring (the Malaysian Connection). The press was not so informed. Four months after the court accepted appellant's plea, articles appeared in the newspaper linking appellant with the ring. As soon as the omission was brought to the prosecutor's attention, he notified the press. The court held there was no breach of the plea agreement and opined that the result might have been different if a request had been made for the prosecutor to comply with the provisions of the agreement and some refusal or negligence had been shown.

In the present case, the prosecutor properly set before the sentencing judge the agreed upon minimum sentence. That minimum sentence was also reflected on the sentence recommendation sheet. The error occurred when the information was transferred to the face sheet of the "Statement

of Prosecuting Attorney and Sentencing Judge" sent to the Board which erroneously stated the prosecutor had recommended a minimum term of 5 years. Appellant claims this constitutes a breach of the plea agreement warranting withdrawal of his plea.

We agree with the appellant that the conduct of the prosecutor in this case, however inadvertent, constitutes a breach of the plea agreement. We do not agree with the appellant, however, that the breach in this case requires that he be permitted to withdraw his plea. The record discloses that all of the proceedings with regard to the appellant's minimum term have been before a panel of the Board. Moreover, while this panel purported to reconsider the appellant's minimum term, at least according to its counsel, that fact is not clear and even if it were the "reconsideration" that occurred does not remedy the error. We are able to perceive no distinction between a breach of the plea agreement which has been held as a matter of law to affect the subsequent judgment of a sentencing judge, primarily out of concern for appearance of fairness in the system, and an identical mistake which affects a decision of the Board. The harm is the same and the remedy would be the same but for the fact that the actions of the Board so far have involved only two members of a multimember panel.[2] The vice with which we are concerned is not the Board's initial process of setting minimum terms but rather that of having the determination in this case reviewed only by the same two Board members. We believe the appropriate remedy in this case is one consistent with the powers and duties of the Board under the present statutory scheme, see RCW 9.95 and *In re Sinka,* 92 Wn.2d 555, 599 P.2d 1275 (1979), and that is to remand this matter to the full Board for a redetermination of appellant's minimum term without reference to the prior determination. With such action by the Board we are unable to see how appel-

---

[2]As of this writing, the Board is comprised of six members. RCW 9.95.009 as amended in Laws of 1986, ch. 224, § 6.

642

lant will not have received the full benefit of his original bargain with the prosecuting attorney.

This matter is remanded to the Board for further proceedings in accordance with the foregoing opinion.

RINGOLD, A.C.J., and PEKELIS, J., concur.

Reconsideration denied April 28, 1987.

Review denied by Supreme Court July 1, 1987.