[No. 21479-9-I. Division One. August 14, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD A. SHUPE, *Appellant.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Craig Peterson, Deputy,* for respondent.

FORREST, J.—Richard Shupe was found guilty of possessing marijuana with intent to deliver or manufacture in violation of RCW 69.50.401(a). He appeals from the trial court's imposition of an exceptional sentence of 6 months and 12 months of community supervision. We reverse.

Richard Shupe was served with a search warrant at his residence on February 11, 1987. The search produced 61 mature marijuana plants, weighing 4,640 grams. The police also seized three halide growing lights, each with their own shade and transformer. The lights were connected to a timing device. An electric blower, two fans, a box of drying marijuana, a triple–beam scale and $250 cash were also found. Shupe was charged by information with possessing

marijuana with intent to manufacture or deliver, in violation of RCW 69.50.401(a). He was found guilty as charged on stipulated facts. The trial court imposed an exceptional sentence of 6 months and 12 months of community supervision. Shupe appeals from the sentence imposed.

Shupe's exceptional sentence was imposed pursuant to RCW 9.94A.390(2)(d) as a major violation of the Uniform Controlled Substances Act (VUCSA). Although originally predicated on RCW 9.94A.390(2)(d)(ii) and (v), on appeal the State concedes the sentence can be properly affirmed only upon (v), which reads:

> The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time or involved a broad geographic area of disbursement; . . .

The State urges that appellant's indoor marijuana growing operation involved a high degree of sophistication. Specifically, the State notes use of timed halide lights with shades and transformers, fans, a blower and a sensitive scale to weigh the marijuana.

█ The sophistication of an operation may justify an exceptional sentence if it is "of a kind not usually associated with the commission of the offense in question."[1] Even assuming size is a factor in determining whether the operation demonstrates "a high degree of sophistication",[2] nothing in the record establishes that this is larger or more sophisticated than the run–of–the–mill indoor growing operation. When appellant's operation is compared with those described in numerous Washington cases,[3] Shupe's operation appears rather typical.

---

[1]*State v. Payne*, 45 Wn. App. 528, 531, 726 P.2d 997 (1986). *See also State v. Dunaway*, 109 Wn.2d 207, 219, 743 P.2d 1237, 749 P.2d 160 (1987).

[2]RCW 9.94A.390(2)(d)(v).

[3]*State v. Murray*, 110 Wn.2d 706, 757 P.2d 487 (1988); *State v. Casal*, 103 Wn.2d 812, 699 P.2d 1234 (1985); *State v. Cord*, 103 Wn.2d 361, 693 P.2d 81 (1985); *State v. Berlin*, 46 Wn. App. 587, 731 P.2d 548 (1987); *State v. Sterling*, 43 Wn. App. 846, 719 P.2d 1357, *review denied*, 106 Wn.2d 1017 (1986); *State v. Christiansen*, 40 Wn. App. 249, 698 P.2d 1059 (1985); *State v. McPherson*, 40 Wn.

■ Shupe's sentence seems motivated by the court's frustration with the inadequate standard range.[4] Imposing an exceptional sentence, however, is not the proper remedy. Instead, if current penalties for the typical marijuana growing operation are not sufficiently severe, the standard range must be increased by the Legislature. The evidence does not support a factual finding that the appellant's offense "involved a high degree of sophistication." Hence, there is no legal basis for imposition of an exceptional sentence.

Reversed and remanded for sentencing within the standard range.

GROSSE, A.C.J., and WEBSTER, J., concur.

App. 298, 698 P.2d 563 (1985); *State v. Smith,* 39 Wn. App. 642, 694 P.2d 660 (1984), *review denied,* 103 Wn.2d 1034 (1985).

[4]As the trial court stated: "How in heaven's name can people who see the harm that is caused from controlled substances have any respect for the law when a person goes into a major operation like this, is given somewhere between 1 to 3 months, I just cannot believe that the Sentencing Guideline Commission who set up the standard ever contemplated it to apply to a situation like this."