[Nos. 23492–7–I; 23493–5–I; 20722–9–I;  Division One.   May 29, 1990.]
20723–7–I; 22629–1–I.

THE STATE OF WASHINGTON, *Respondent,* v. RAUL A. GUTIERREZ, *Appellant.*

*In the Matter of the Personal Restraint of* RAUL A. GUTIERREZ, *Petitioner.*

---

[3]We need not reach Johnson's further allegations that the ordinance is unconstitutionally vague.

*John F. Segelbaum* and *Segelbaum & Peale,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

REVELLE, J.*—In this consolidated appeal, Raul A. Gutierrez (Gutierrez) seeks review of the sentences imposed upon his entry of guilty pleas to five counts of indecent liberties (RCW 9A.44.100(1)(b)) involving females who were less than 14 years old. Three of the occurrences happened before the effective date of the Sentencing Reform Act of 1981 (SRA). Two of the counts were sentenced under the provisions of the SRA. This case has been in this court before, however, the merits have not been decided. First, a Commissioner of this court remanded it for a finding of whether the defense knew that the court and the prosecutor had a copy of a psychologist's report when Gutierrez was sentenced. Second, after the finding was made that the defense did not know the court had the report, a full panel remanded for an evidentiary hearing on the challenged

---

*Judge George H. Revelle is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

written psychological report.[1] After the hearing, the trial court reaffirmed its position and adhered to its sentence. From this judgment, Gutierrez now appeals. In addition, Gutierrez has filed a personal restraint petition for those convictions and indeterminate sentences imposed under the old pre–SRA sentencing scheme.

FACTS

In May of 1987, Gutierrez pleaded guilty to the five counts of indecent liberties. The sentencing range under the SRA was 31 to 41 months. In exchange for a guilty plea, the prosecutor agreed to recommend sentences of 31 months on the SRA counts and minimum terms of 31 months on the pre–SRA counts, all to run concurrently. The court ordered a presentence investigation.

The first sentencing was held on June 25, 1987. The court did not accept the plea bargain, did not accept the recommendation of the presentence investigator, and imposed exceptional sentences of 90 months on those counts punishable under the SRA counts and 90–month minimum sentences on the pre–SRA counts to run concurrently.

In arguing in support of the sentence imposed, the State quoted from a psychological report of Dr. Weiss. His report had been disclosed by the defendant himself at a presentence interview where he signed a waiver to confidential documents. The defense claimed it neither disclosed the report, released it, nor offered it for sentencing. On remand, the trial court found that the report had been provided to it by the prosecutor, however, it also found it could not conclude that defense counsel was aware of that fact. The State then moved this court to remand the case to the trial court for a hearing regarding the report and resentencing. This court remanded the case for an evidentiary hearing on the psychological report and for resentencing.

---

[1]*State v. Gutierrez*, cause 20722–9–I (Dec. 12, 1988), unpublished opinion noted at 53 Wn. App. 1003. This was a consolidated case (consolidated with causes 20723–7–I and 22629–1–I) and the unpublished opinion was written by Judge Swanson with concurring signatures by Judges Scholfield and Williams.

A hearing on the report and resentencing was held. At the hearing, defense counsel objected to the fact that the trial court had the report, and then specifically made a record as to those parts of the report to which he took issue. The trial court concluded that Gutierrez had waived his privileges by signing a waiver, but also reiterated that the court did not rely on the specific parts complained of by the defense when the sentence was imposed. The court then reaffirmed its exceptional sentence. Gutierrez appeals.

## ISSUES

The assignments of error raise the following four issues:

1. Did the prosecuting attorney breach the plea bargain agreement entitling Gutierrez to specific performance?

2. Did the court err in failing to exclude the psychological report of Dr. Weiss?

3. Did the court err in imposing an exceptional sentence on the SRA convictions?

4. Has Gutierrez proved actual prejudice so as to prevail on his personal restraint petition concerning the pre–SRA convictions?

## PLEA BARGAIN

For the first time, after the remand for a hearing on the psychologist's report, Gutierrez claimed that the prosecutor failed to comply with the plea agreement. He contends the prosecutor violated the spirit of the agreement by making a half–hearted recommendation. Gutierrez relies on the case of *In re Palodichuk*, 22 Wn. App. 107, 109–10, 589 P.2d 269 (1978), which requires the State to adhere to the terms of the plea agreement. If the prosecutor were to renege on his bargain as contained in the plea bargain, or give it less than wholehearted support, it would undercut the judicial system. *State v. Collins*, 46 Wn. App. 636, 731 P.2d 1157, *review denied*, 108 Wn.2d 1026 (1987); *see also United States v. Brown*, 500 F.2d 375 (4th Cir. 1974). However, as

stated in RCW 9.94A.090,[2] the sentencing judge is not bound by any recommendations made by the prosecutor pursuant to a plea agreement.

In *Palodichuk,* the deputy prosecutor made his recommendations pursuant to the plea bargain but then told the court he had second thoughts about the recommendation. *Palodichuk,* at 109. On appeal, the court held that the State had breached its plea agreement even though it initially fulfilled the agreement's terms. *Palodichuk,* at 109.

■ The actions in this case are distinguishable and follow a course similar to that found in *State v. Poupart,* 54 Wn. App. 440, 446, 773 P.2d 893, *review denied,* 113 Wn.2d 1008 (1989). Here, Gutierrez alleges the prosecutor violated the plea agreement by arguing he was not amenable to treatment in a sexual offender treatment program. This argument ignores the context in which the argument was made. The prosecutor did recommend a 31–month prison sentence. That was the essence of the agreement. Contained in the presentence report was the recommendation that defendant obtain psychiatric treatment in a sexual offender program if he was amenable to treatment. Treatment was requested by defendant. In response to this request, the prosecutor was entitled to point to facts suggesting that Gutierrez was not amenable to treatment while still being able to advocate for the 31–month sentence. The argument of the prosecutor supports the plea agreement which did not include a provision for treatment.

■ Gutierrez also contends the prosecutor violated the plea agreement by secretly providing the court with the psychological report of Dr. Weiss. He contends the report was the justification for the exceptional sentence. This issue was previously decided in this case whereby this court

---

[2]RCW 9.94A.090(2) states as follows:

"The sentencing judge is not bound by any recommendations contained in an allowed plea agreement and the defendant shall be so informed at the time of plea."

stated that Gutierrez "has not shown that any nondisclosure was intentional". *State v. Gutierrez,* cause 20722-9-I, slip op. at 10. A prosecutor is entitled to present all relevant facts, whether or not they fully support his recommendation. *See State v. Davis,* 43 Wn. App. 832, 837, 720 P.2d 454, *review denied,* 106 Wn.2d 1017 (1986). There was no violation of the plea agreement.

### PSYCHOLOGICAL REPORT EXCLUSION

At the remand evidentiary hearing and resentencing, defense counsel stated: "We are objecting to the materials contained in toto in the written report [of Dr. Weiss], Your Honor, not to what was set forth in the presentence investigation." Counsel then went on to make specific objections to the content of the report.[3] After reading the transcript and reviewing the argument made by counsel, we agree with the trial court that Gutierrez had effectively waived any privilege and right under the Fifth or Sixth Amendment by authorizing disclosure of the psychological report.

The document entitled "Consent to Exchange of Confidential Information" contains clear language authorizing disclosure of "evaluative and diagnostic material . . . to responsible criminal justice system personnel having official duties with respect to my disposition within such system." Gutierrez has not presented any evidence that this document was signed under duress or invalid for any other reason.

Gutierrez also contends that the presentence interview was improper because defense counsel was not present.

---

[3]See generally Report of Proceedings (resentencing Dec. 29, 1988), at 22 line 14 to 27 line 15. Condensed, the objections were that not *all* of the victims were on the soccer team Gutierrez coached and that Dr. Weiss' conclusion that Gutierrez placed himself in an ideal position to sexually abuse other victims was incorrect especially in light of the fact that Gutierrez's employer transferred him to the area and he had initially refused the coaching position. Counsel for Gutierrez also objected to Dr. Weiss' conclusion that Gutierrez might move from the area and place himself in a similar role or position. Finally, Gutierrez objected to Dr. Weiss' opinion that Gutierrez probably feels more pain and guilt for his wife than he does for the victims.

However, he presents no evidence that he was denied opportunity for this counsel in any way. Counsel knew the presentence investigation was occurring and evidently chose not to attend. Gutierrez has not shown that any prejudice resulted from counsel not being in attendance. Gutierrez wanted the benefit of the recommendation from the report, but did not want the rationale disclosed. He cannot have both.

■ Federal courts have rejected the argument that a defendant has a constitutional right to counsel at a presentence interview. *Brown v. Butler,* 811 F.2d 938, 941 (5th Cir. 1987); *Baumann v. United States,* 692 F.2d 565, 578 (9th Cir. 1982). Gutierrez claims the case of *State v. Sargent,* 111 Wn.2d 641, 645–46, 762 P.2d 1127 (1988) holds otherwise. There the interviewer elicited a confession from the defendant. Here, the defendant had already admitted his guilt. He was not entitled to representation at the hearing when the defendant and counsel had notice and counsel did not choose to attend.

■ Even if the trial court erred in considering the written psychological report, this error is harmless. The proper standard of review for constitutional error is "harmless beyond a reasonable doubt". *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986); *see also State v. Kitchen,* 110 Wn.2d 403, 405, 756 P.2d 105 (1988). At the hearing on resentencing, the trial court answered all the contentions about the written report in favor of the defendant's claims. The court indicated it placed very little, if any, emphasis on the report of Dr. Weiss and indicated it relied heavily on the presentence report. The court rejected the recommendations of the prosecutor, the defendant, the presentence investigator, as well as the disregarded written psychological report. In reviewing the record there is no doubt that any error alleged here is harmless as the court did not rely on the challenged sections of the psychological report.[4]

---

[4] See Report of Proceedings (resentencing Dec. 29, 1988), at 30–31.

EXCEPTIONAL SENTENCE

Under the SRA, review of an exceptional sentence (RCW 9.94A.210(4)) involves three determinations. First, the appellate court reviews the reasons for the exceptional sentence according to the clearly erroneous standard to determine if they are supported by the record. Second, the appellate court determines, as a matter of law, whether the reasons are substantial and compelling and justify the imposition of a sentence outside the presumptive range. The reasons must take into account factors which are not considered in computing the standard range. *State v. Nordby,* 106 Wn.2d 514, 517–18, 723 P.2d 1117 (1986). Third, if the reviewing court determines the reasons are supported by the record and are substantial and compelling to justify the imposition of the exceptional sentence, then the court must also determine whether the trial court abused its discretion and imposed a sentence which was "clearly excessive". *State v. McAlpin,* 108 Wn.2d 458, 467, 740 P.2d 824 (1987); *State v. Oxborrow,* 106 Wn.2d 525, 723 P.2d 1123 (1986). *See also State v. Dunaway,* 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987); *State v. Strauss,* 54 Wn. App. 408, 773 P.2d 898 (1989).

██ In imposing the sentence the trial court held that the sentence would not be sufficiently long considering the possibility and probability of good time credit. To the extent that the judge relied on the availability of good time to impose an exceptional sentence, such reliance was improper. The framework of the SRA indicates that earned early release time is to be considered only after the offender has begun serving his sentence. *See* RCW 9.94A.150(1). Further, it would be inappropriate to impose a sentence outside the standard range based on an entirely speculative prediction of the likely behavior of an offender while in confinement. *State v. Fisher,* 108 Wn.2d 419, 429 n.6, 739 P.2d 683 (1987); *State v. Crutchfield,* 53 Wn. App. 916, 931, 771 P.2d 746 (1989). It can be said that the court's sentence was also motivated by its sense of the inadequacy of the

standard range. This reasoning was disapproved in *State v. Shupe,* 55 Wn. App. 588, 591, 779 P.2d 270 (1989).

As well as the good time and sentencing length factors, the sentencing court justified its exceptional sentence on all counts by stating the following reasons:

1. The defendant used his position of trust and confidence (as coach of a girls' soccer team) to facilitate the commission of these offenses.

2. The offenses involved multiple incidents per victim.

3. The defendant used his own daughter to facilitate the commission of these offenses.

4. The offenses clearly involved significant planning and preparation and sophistication over a lengthy period of time.

5. The operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly too lenient in light of the purposes of the sentencing reform act as set forth in RCW 9.94A.010.

Gutierrez claims these reasons are not supported by the record.

The record consists of written pleas of guilty, unsworn statements of some victims, conflicting unsworn statements of the character and activities of the defendant, newspaper clippings, the psychological report, the presentence investigation, the verbatim report of proceedings of the sentencing hearing June 25, 1987, letters from citizens, and arguments of counsel for the State and the defendant. There was no indication of any sworn oral testimony in the record before this court.

The Sentencing Reform Act of 1981 requires:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside

the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2) (c), (d), and (e).

RCW 9.94A.370(2), as amended by Laws of 1987, ch. 131, § 1, p. 442.

■ Defendant's counsel raised objections to the court's reasons supporting the exceptional sentence because the court applied all the surrounding facts of all the incidents collectively to support an exceptional sentence for each offense.[5] These objections indicate the need for specification by the sentencing court of the facts and reasons relied on in arriving at the imposition of each exceptional sentence imposed.

As shown in the record, the trial court combined all the reasons for the exceptional sentence(s) together and did not separate them for each count. Further review of the record indicates that all of the reasons given are not necessarily supported by the evidence or are in dispute on some counts.

One of the purposes of the SRA is to ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense, thus considering the facts surrounding the conviction. *See* RCW 9.94A.010. Thus, to review the imposition of exceptional sentences on multiple convictions, the sentencing court must indicate how and to which conviction the facts and reasons stated apply. *See* RCW 9.94A.120(3). For the reasons above, it is necessary to remand the case for resentencing. We need not determine if

---

[5]An indication of the trial court's unwillingness to separate the counts is shown in the sentencing transcript as follows:

"THE COURT: And I agree that some of my comments do not apply to each and every one of the charges. As I say, the reason we are forced, for all practical purposes, to make these sentences run concurrent, one with the other, is because he is being sentenced on them all at one time. I cannot quite compartmentalize my thought processes so that I can say that this applies to that and I'm disregarding these other aggravating circumstances when I deal with another particular offense, and I think you've made the record, and made the record clear, and I appreciate that, [defense counsel]. The fact that I've made these sentences run concurrent, one with the other, I think justifies me considering aggravating circumstances, as I've outlined with respect to all of the sentences imposed."

the reasons given are substantial and compelling to justify a sentence outside the standard range because we do not know which facts and reasons apply to which conviction. However, it is suggested that the trial court carefully review the record as to each count.

## PRE–SRA CONVICTIONS

■ Sentences for offenses which were committed before the effective date of the SRA are reviewed for an abuse of discretion. *In re Whitesel,* 111 Wn.2d 621, 763 P.2d 199 (1988). Given the discussion above, it need not be repeated here that the trial court should set out its reasons when setting the minimum terms for the pre–SRA convictions to ensure proper review.

Gutierrez raises the following issues in a personal restraint petition:

1. The trial court denied Gutierrez due process by considering a written psychological evaluation of him at sentencing, without notice to Gutierrez that the court had received or considered said evaluation.

2. The trial court abused its discretion by imposing a 90–month minimum term of confinement on the pre–SRA counts.

3. The trial court abused its discretion in denying Gutierrez's motion for evaluation for treatment in the Sexual Offender Treatment Program.

■ The issue in a personal restraint petition is whether the petitioner's right to a fair trial was actually and substantially prejudiced by constitutional error. *In re Sauve,* 103 Wn.2d 322, 325, 692 P.2d 818 (1985); *In re Haverty,* 101 Wn.2d 498, 504, 681 P.2d 835 (1984); *In re Hews,* 99 Wn.2d 80, 87, 660 P.2d 263 (1983). The actual prejudice standard of review for collateral attack places the burden upon the petitioner, as opposed to the harmless error standard on direct appeal, because "[c]ollateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the

right to punish admitted offenders." *In re Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982).

Gutierrez bears the burden to show actual prejudice arising from constitutional error. He must present "[a] statement of . . . the facts upon which the claim of unlawful restraint of petitioner is based and the evidence available to support the factual allegations . . .". RAP 16.7(a)(2). The Washington State Supreme Court has recently affirmed that a personal restraint petition must include evidence reasonably available to a petitioner to support a claim of constitutional error. *In re Williams*, 111 Wn.2d 353, 364–65, 759 P.2d 436 (1988). Bare allegations are insufficient to satisfy the burden of proof that the error was prejudicial. *State v. Brune*, 45 Wn. App. 354, 725 P.2d 454 (1986), *review denied*, 110 Wn.2d 1002 (1988).

Gutierrez's first claim is the only one of truly constitutional magnitude. However, the remand from the first appeal provided him significant due process rights by ensuring the trial court held a hearing on his objection to the psychological report. Further, as we have held in this opinion, Gutierrez has not met his burden of showing that the trial court considered the report such that actual prejudice occurred.

Gutierrez's other claims are not constitutional in nature and as such need not be considered. Those claims have been adequately challenged in the direct appeal and are misplaced here.

The decision of the trial court is affirmed in part and reversed and remanded to the trial court for resentencing.

SWANSON and FORREST, JJ., concur.