IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68474-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| AMANDA TUCKER AKA | ) | |
| AMANDA ALLEN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 25, 2013 |

GROSSE, J. — A prosecutor does not undercut a plea agreement merely by vigorously advocating the State's position for a sentence recommendation that the parties did not fully agree with. Here, the State was requesting a maximum sentence for several felonies and opposed the defendant's request for alternative sentencing. Submitting statements from law enforcement officials who argued against alternative sentencing does not undercut the plea agreement. A sentencing court is not required to accept the recommendations contained in a plea agreement. The trial court set forth sufficient facts to support its imposition of an exceptional sentence. The judgment and sentence is affirmed.

## FACTS

Amanda Tucker pleaded guilty to 23 felony counts as well as two aggravators in two separate cause numbers. She admitted that she had burglarized vulnerable elderly victims and that she had done so while several victims were present in their homes. The State required Tucker to plead guilty to the aggravators in return for the State not asking for an exceptional sentence. Although Tucker was free to ask for a Drug Offender Sentencing Alternative (DOSA), the State did not agree with that alternative.

The State agreed to recommend a sentence at the high end of the range, 84 months followed by 12 months of community custody.

At sentencing, the prosecutor set forth the multiple charges Tucker faced, the offender scores for each charge, and the respective sentencing ranges. Pursuant to the plea agreement, the prosecutor asked the court to impose a sentence at the high end of the range, 84 months followed by 12 months of community custody. The court interrupted the prosecutor's presentation to inquire into the agreement on the aggravating factors. The court wanted to ensure there was a basis for the aggravating factors in the event the court was inclined to impose an exceptional sentence on that basis and that the defendant had agreed to the factors. Assured that this was the case, the prosecutor then continued with her presentation for the imposition of a sentence at the high end of the range and set forth reasons for objecting to Tucker's request for a DOSA sentence.

Several victims addressed the court. One of the investigating police officers also addressed the court, expressing his opposition to Tucker's DOSA request because of the methodical, calculated way in which Tucker conducted her criminal activity. Detective Steve Owens, another investigating police officer, submitted a letter which the prosecution read to the court. In that letter, the detective noted that Tucker committed several of her burglaries while out on bail and victimized people with dementia and other disabilities who were unable to protect themselves. Detective Owens' letter concluded with a request that Tucker be given substantial jail time.

After hearing argument from defense counsel urging imposition of the DOSA, the court imposed an exceptional sentence of 120 months followed by 12 months of

community custody. Tucker appeals, contending the prosecutor undercut the plea agreement by presenting the investigating officers' opinions regarding her sentence.

## ANALYSIS

"A plea agreement is a contract between the defendant and the prosecutor."[1] Because a defendant relinquishes important constitutional rights by entering into a plea bargain, "[d]ue process requires a prosecutor to adhere to the terms of the agreement."[2]

Under this requirement, a prosecutor need not enthusiastically support an agreed sentencing recommendation.[3] A prosecutor is entitled to present relevant facts that might not fully support the recommended sentence.[4] A prosecutor may not, however, "undercut the plea bargain 'explicitly or by conduct evidencing an intent to circumvent the terms of the plea agreement.'"[5] The test is whether the prosecutor objectively contradicted the agreed-upon sentence recommendation by use of words or conduct.[6]

A breach has been found when the prosecutor offers unsolicited information or argument that undercuts the State's obligations. See State v. Xaviar[7] (prosecutor highlighted aggravating sentencing factors and unfiled charges and called the defendant "one of the most prolific child molesters that this office has ever seen"); State v. Van Buren[8] (breach where prosecutor made only fleeting reference to sentencing recommendation and highlighted three aggravating factors for an exceptional sentence);

---

[1] In re Lord, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).
[2] State v. Sledge, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997).
[3] State v. Talley, 134 Wn.2d 176, 183, 949 P.2d 358 (1998).
[4] See State v. Gutierrez, 58 Wn. App. 70, 76, 791 P.2d 275 (1990).
[5] State v. Jerde, 93 Wn. App. 774, 780, 970 P.2d 781 (1999) (quoting Sledge, 133 Wn.2d at 840).
[6] Jerde, 93 Wn. App. at 780.
[7] 117 Wn. App. 196, 200-01, 69 P.3d 901 (2003).
[8] 101 Wn. App. 206, 217, 2 P.3d 991 (2000).

State v Jerde[9] (breach where prosecutor emphasized aggravating factors despite obligation to make mid-range sentencing recommendation). Similarly, a prosecutor's expression of "second thoughts" in submitting a bargained-for recommendation sufficiently tainted the recommendation to constitute a breach of the plea agreement.[10]

A prosecutor, however, does not breach a plea agreement by merely reiterating facts necessary to support a high-end standard range recommendation.[11] In determining whether a prosecutor violated the duty to adhere to a plea agreement, the reviewing court considers the entire sentencing record and asks whether the prosecutor contradicted the State's recommendation by either words or conduct.[12]

We have carefully reviewed the record and conclude that there was no breach of the plea agreement. It is significant that the sentence recommendation was not agreed to in every respect. Here, the information provided by the investigating police officers did not undercut the plea agreement. As noted in State v. Talley, "'[p]resenting evidence that will help the court make a decision does not amount to advocating against [the prosecutor's] earlier recommendation.'"[13] "A sentencing judge . . . is not bound by any recommendation contained in the plea agreement."[14] Here, the judge lawfully

---

[9] 93 Wn. App. 774, 777-78, 970 P.2d 781 (1999).

[10] Matter of Palodichuk, 22 Wn. App. 107, 108, 110, 589 P.2d 269 (1978).

[11] See, e.g., State v. Monroe, 126 Wn. App. 435, 440, 109 P.3d 449 (2005) remanded for reconsideration on other grounds, 157 Wn.2d 1016, 142 P.3d 172 (2006) (no breach when the prosecutor recounted salient facts, including that defendant's acts were "one of the most 'significant crime sprees' the prosecutor could remember" when the prosecutor unequivocally urged the court to accept the State's recommendation).

[12] State v. Williams, 103 Wn. App. 231, 236, 11 P.3d 878 (2000).

[13] 134 Wn.2d 176, 186, 949 P.2d 358 (1998) (quoting State v. Talley, 83 Wn. App. 750, 759, 923 P.2d 721 (1996)).

[14] State v. Henderson, 99 Wn. App. 369, 374, 993 P.2d 928 (2000).

exercised his discretion and chose not to follow the parties' sentencing recommendations.

Affirmed.

_____

WE CONCUR:

_____            _____