[No. 16423-3-III.    Division Three.    March 23, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH LEROY HIXSON, *Appellant*.

*James E. Egan*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, for respondent.

BROWN, J. — Kenneth L. Hixson entered a guilty plea to second degree manslaughter for the shooting death of 14-year-old Wesley D. Highly. The primary issue is whether the State undercut the plea agreement. We decide it is not undercutting for the State to correct a fact in good faith perceived misrepresented by a defendant. A victim's prior bad acts and character are irrelevant to sentencing when they are unknown to a perpetrator when the offense is committed. It follows that a prosecutor does not undercut by failing to enthusiastically argue them to the sentencing court. Finally, permitting witnesses beyond those listed in RCW 9.94A.110 to speak at sentencing is not error. Accordingly, we affirm.

## FACTS

Wesley Highly was, without permission, found in Mr. Hixson's motor home on Christmas morning 1995. When confronted by Mr. Hixson, Mr. Highly turned and ran away;

however, Mr. Hixson shot him in the back. Mr. Highly was 40 or 45 feet away from Mr. Hixson and unarmed when shot. It is disputed whether at any earlier point Mr. Highly was armed. Mr. Hixson agreed to enter a plea to second degree manslaughter under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) in exchange for a recommendation by the State for a mitigated exceptional sentence. The sentencing court rejected the State's recommendation and sentenced Mr. Hixson to 12 months and one day, the low end of a standard-range sentence.

Three matters are significant to Mr. Hixson's appeal. First, the trial court allowed both the victim's mother and her attorney to address the court during the sentencing hearing. Second, the court was apparently not persuaded to grant a mitigated sentence by Mr. Hixson's evidence relating to the victim's past criminal conduct and bad acts. The evidence was offered to show the victim was an initiator, aggressor or provoker of the incident, and that Mr. Hixson acted under duress, coercion, or threat. Third, during the sentencing the prosecutor remarked in response to Mr. Hixson's sentencing memorandum and in anticipation of a plea for an even lower mitigated sentence that Mr. Hixson was "not in any danger at the time of the shooting." Mr. Hixson's appeal centers on whether the State undercut the plea bargain.

## ANALYSIS
### A. Witnesses

■ Mr. Hixson contends the trial court erred when it allowed both the victim's mother and her attorney to speak. Preliminarily, the State argues the general rule that a standard-range sentence cannot be appealed. RCW 9.94A.210(1). However, Mr. Hixson assigns error to the sentencing procedures. Thus, the assigned error arguably falls within the "procedural" exception of RCW 9.94A.210(1). *See State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993).

■ RCW 9.94A.110 provides in part: "The court shall

. . . allow arguments from the prosecutor, the defense counsel, the offender, the victim, the survivor of the victim, or a representative of the victim or survivor, and an investigative law enforcement officer as to the sentence to be imposed." Without citation to other authority, Mr. Hixson claims either a survivor *or* a representative can speak, but not both.

Even though the plain language may be understood to limit those who may speak at a sentencing hearing, we conclude the list is inclusive rather than exclusive. RCW 9.94A.110 mandates that the persons listed must be permitted to speak but does not limit the court's discretion in hearing from others. *Mail*, 121 Wn.2d at 711.

Even if the court erred in allowing testimony from both Mr. Highly's mother and her attorney, the court's error must be prejudicial. *State v. Gonzales*, 90 Wn. App. 852, 954 P.2d 360, 362, *review denied*, 136 Wn.2d 1024 (1998). Mr. Hixson does not establish prejudice. Mr. Highly's mother and her attorney both argued for an exceptional sentence above the standard range. The court did not follow either recommendation. Instead, Mr. Hixson was sentenced to the low end of the standard range.

■ Additionally, a prosecutor does not breach a plea agreement merely by advising the court of witnesses who wish to testify at a sentencing hearing. *State v. Davis*, 43 Wn. App. 832, 837, 720 P.2d 454, *review denied*, 106 Wn.2d 1017 (1986). Consequently, he cannot show a due process violation. While constitutional guarantees must be observed at sentencing just like during the investigative and trial phases of a criminal proceeding, merely considering the witnesses testimony is not evidence that procedural guarantees were not observed here. *State v. Post*, 118 Wn.2d 596, 605, 837 P.2d 599 (1992).

B. Evidence of Victim's Prior Bad Acts and Character

Mr. Hixson contends the sentencing court erred in excluding the evidence of Mr. Highly's prior criminal his-

tory and bad acts. He alleges this evidence is relevant to establish two of the mitigating factors in RCW 9.94A.390. Specifically, Mr. Highly's prior behavior establishes he was "an initiator, willing participant, aggressor, or provoker of the incident" and Mr. Hixson acted "under duress, coercion, threat, or compulsion." RCW 9.94A.390(1)(a), (c). Mr. Hixson further argues Mr. Highly's history is relevant to rebut evidence of his good character, presented by witnesses at the sentencing hearing.

Contrary to Mr. Hixson's assertions, the court did read and consider his sentencing memorandum and argument before sentencing. However, the trial court was not, in its discretion, persuaded to grant a mitigated sentence. The rules of evidence do not apply at sentencing. ER 1101(c)(3). No "ruling" was made on this matter. Instead the court reasoned: "[T]o a degree (the victim) was an initiator and a provoker of this incident (by burglarizing and fleeing), I do not find that his conduct sufficiently initiated or provoked the defendant's criminal negligence in firing at or toward him as he fled to constitute a mitigating factor that would justify this court's departure from the standard range of sentence."

■ ■ Additionally, relevant evidence is any evidence that makes the existence of a fact of consequence more or less probable. ER 401. Mr. Highly's prior criminal conduct and bad acts do not make it any more probable that on the day of the shooting he was the initiator, aggressor or provoker of his own death. Nor is the character of a victim relevant to sentencing under these circumstances. The record indicates Mr. Hixson was not aware of Mr. Highly's history at the time of the shooting. In *State v. Bell*, 60 Wn. App. 561, 564 n.1, 805 P.2d 815, *review denied*, 116 Wn.2d 1030 (1991), the court held "[E]vidence of acts such as fights, quarrels, and insulting words . . . is admissible on the issue of reasonable apprehension of danger on the part of the defendant, *provided the defendant knew of the acts*." (Emphasis added.) Without knowledge of Mr. Highly's history, Mr. Hixson cannot establish Mr. Highly's prior acts

caused him to act under duress, coercion, threat or compulsion. Therefore, they are irrelevant.

Furthermore, the individuals who spoke at the sentencing hearing did not offer specific testimony relating to Mr. Highly's good character. Rather, they discussed the impact of his death. Mr. Hixson provides no legal authority supporting his argument that bad character evidence is relevant at a sentencing hearing under these circumstances. The trial court did not err.

## C. Undercutting

Mr. Hixson contends the State breached its plea agreement by its comment asserting that Mr. Hixson was in no danger when he shot at Mr. Highly. Mr. Hixson contends this contradicts RCW 9.94A.390(1)(a) and (c), the mitigating factors the State was supposed to argue per the plea agreement.

■■ A prosecutor does not have an implied duty to affirmatively or enthusiastically advocate the terms of a plea bargain, only to present the promised sentencing recommendation in good faith. *State v. Coppin*, 57 Wn. App. 866, 874, 791 P.2d 228, *review denied*, 115 Wn.2d 1011 (1990). The State may not, however, undercut a plea bargain. *State v. Talley*, 134 Wn.2d 176, 183, 949 P.2d 358 (1998). Further, *Talley* imposes the duties to "answer the court's questions candidly" and "not hold back relevant information" from the court. *Talley*, 134 Wn.2d at 183. We note Mr. Hixson's trial counsel later conceded that Mr. Hixson was in no danger when the fatal shot was fired, even though earlier Mr. Highly may have been armed with a knife. The point was not in dispute.

*Alford* plea agreements are different from standard plea agreements because the sentencing judge knows fewer facts about the case. *Talley*, 134 Wn.2d at 185. Mr. Hixson's plea agreement states the prosecutor will recommend an exceptional sentence downward based on the mitigating factors that Mr. Highly was the initiator, aggressor or

provoker and Mr. Hixson was under duress, coercion or threat which affected his conduct. The record indicates the prosecutor presented the bargained for recommendation with more than minimal supporting argument. The comment was consistent with the factual basis given when the plea was tendered. The prosecutor's isolated comment is consistent with a prosecutor's duty not to misrepresent the record or hold back relevant information. *See State v. Sledge*, 133 Wn.2d 828, 840, 947 P.2d 1199 (1997). We conclude if a prosecutor in good faith perceives a defendant misrepresenting the record, he or she has an equal obligation to not hold back a relevant correction.

Mr. Hixson argues further that the State undercut the plea agreement by not enthusiastically arguing Mr. Highly's prior criminal conduct and bad acts. As we have discussed, no duty to enthusiastically advocate exists. *Talley*, 134 Wn.2d at 183. Moreover, the prosecutor was correct to not emphasize Mr. Highly's prior behavior, as we have decided it was irrelevant to the sentencing issues.

Finally, the prosecutor remarked when making the challenged statement that it was made in opposition to a further reduction of Mr. Hixson's sentence beyond that agreed. We find no evidence of any agreement limiting the prosecutor's ability to oppose a recommendation by the defense for a further reduction in sentencing length beyond that agreed, nor is any claimed.

### D. Sentencing Alternative

Mr. Hixson, pro se, asks this court to allow him to serve his sentence at home by electronic monitor so he can continue to receive treatment and be available for his upcoming civil litigation. Mr. Hixson fails to cite any legal authority permitting us to consider or grant his request. *See* RAP 10.3(a)(5). Imposition of sentence is a matter left to the discretion of the trial courts. We decline to intervene in this trial court function.

### CONCLUSION

We hold under the circumstances of this case that the

State did not undercut the plea bargain with Mr. Hixson. A prosecutor acting in good faith who perceives that a defendant is misrepresenting a fact to the trial court has a duty not to hold back a relevant correction. Additionally, we hold the trial court did not abuse its discretion in hearing from multiple witnesses at the sentencing hearing beyond those listed in RCW 9.94A.110. The victim's bad acts and character were irrelevant to the sentencing issues, thus, the failure to enthusiastically advocate them did not breach the plea agreement. Finally, we deny Mr. Hixson's request for sentence modification as that is a trial court function.

Affirmed.

SCHULTHEIS, C.J., and KURTZ, J., concur.