IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30475-2-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 30477-9-III) |
| | ) | |
| v. | ) | |
| | ) | |
| TONY ALLEN BARCLAY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Tony Barclay pleaded guilty on the same day to second degree assault and second degree burglary that had been charged in separate files. The court did not follow the sentence recommendations of the parties and Mr. Barclay appealed to this court. We affirm the convictions, but remand for resentencing.

FACTS

Mr. Barclay was charged under Walla Walla County Superior Court No. 11-1-00326-1 with second degree burglary and third degree theft. He was charged with second degree assault in No. 11-1-00335-1. He entered into a universal plea agreement with the two prosecutors on his cases. It called for him to plead guilty on the two felony counts, with the prosecution dismissing the third degree theft and another charge pending in

district court, and the parties to jointly recommend concurrent sentences of 51 months on

the burglary (bottom of the standard range) and 69 months on the assault charge (middle

of range). The criminal history showed that Mr. Barclay had 9 prior adult felony

convictions, 2 juvenile felony convictions, and 14 prior adult misdemeanor convictions.

The trial court accepted both guilty pleas at a hearing on December 8, 2011. The

two cases then proceeded to a joint sentencing hearing on December 19, 2011. Mr.

Barclay told the court that he had not expected to be in this situation but he had been

having problems with his medications. Defense counsel then presented the joint

sentencing recommendation and the prosecutor on the assault count noted that there was

a period of community custody. The other prosecutor then asked the court to impose 51

months on the burglary count, but discounted the suggestion that defendant's medication

had been involved:

> The State is recommending 51 months on that charge. It does appear
> that when both Mr. Barclay and his co-defendant were stopped, their car
> seemed to be pretty well outfitted to be doing exactly what they were
> doing; stealing wire from places that were either not watched very well or
> sort of agricultural areas that don't have anybody around during the day.
> So for him to blame it on his meds, I can see perhaps for the assault,
> but not so much here. There was a lot of planning involved here and
> especially to rig out their car so they could run a porch light off of it and
> that type of thing, had burglar tools in the car.

Report of Proceedings (Dec. 19, 2011) (RP) at 3-4.

2

The court then imposed a sentence of 60 months on the burglary count, explaining that the sentence was appropriate in light of the defendant's criminal history. RP at 5. The court made no reference to the assault count when imposing sentence.[1] The court asked the jail captain for information about any credit for time served, and then granted credit on the burglary count in the amount stated by the captain.

The court then turned to the assault charge and imposed a high end sentence of 84 months, stating that it was appropriate in light of the defendant's criminal history and the fact that the crime involved domestic violence. RP at 7. The court again asked the jail captain about credit for time served. The captain responded that it would be 56 days if the offenses were concurrent. The court responded that the charges would be consecutive and that no credit for time served would be granted. The judgment and sentence form acknowledges the burglary as a current offense and reflects that the sentence for assault would be served consecutively to the sentence for the burglary conviction.

Mr. Barclay then timely appealed to this court.

---

[1] The judgment and sentence form also makes no reference to the assault conviction, and that offense is not listed as a current offense.

ANALYSIS

The appeal presents several issues, but we need only address two in light of our disposition.[2] We first consider Mr. Barclay's argument that the prosecutor undercut the plea agreement by her comment before turning to his argument that the court erred by imposing consecutive sentences.

*Plea Recommendation*

Mr. Barclay first argues that the prosecutor breached the plea agreement by undercutting the recommendation with her remarks concerning the planning involved in the burglary. We disagree with his contention.

A plea agreement is a contract and the parties are required to live up to their respective obligations under the contract. *State v. Talley*, 134 Wn.2d 176, 182-83, 949 P.2d 358 (1998). A prosecutor is required to make her sentence recommendation, although she need not do so enthusiastically. *Id.* at 183. One method by which a prosecutor breaches a plea agreement is by undercutting her sentence recommendation. *E.g.*, *State v. Xaviar*, 117 Wn. App. 196, 200-02, 69 P.3d 901 (2003) (prosecutor breached agreement by highlighting aggravating factors and referring to defendant as

---

[2] The other challenges involve findings or conditions that might or might not be imposed at resentencing, so it is appropriate to leave those matters to that proceeding when the parties can make a record concerning them.

prolific child molester); *State v. Jerde*, 93 Wn. App. 774, 777-78, 970 P.2d 781 (1999) (prosecutor emphasized aggravating factors when recommending midrange sentence).

The prosecutor did not undercut her sentence recommendation in this case. In context, she was simply responding to the defendant's personal statement about his medications and clarified for the court that it was unlikely they had any role in the burglary offense, although they may have played a role in the assault. We do not believe a prosecutor undercuts her plea agreement by responding to a defense argument that might mislead the court, even where the information might not be strictly necessary to support the prosecutor's own recommendation.[3]

We also note that the defense did not object to the comment. Although it is not necessary to object in order to preserve a breach of plea agreement argument, the absence of a contemporaneous objection suggests that the parties did not see the statement as a breach of the agreement.

On the whole, it is clear that there was no breach of the plea agreement. Accordingly, the two convictions are affirmed.

---

[3] Interestingly, the court entered a chemical dependency finding on the assault charge, but not on the burglary charge. The court apparently understood this argument to be directed to that issue.

*Ordering of Sentences*

Mr. Barclay does correctly argue that there is a problem with the order of the sentences. Although the prosecutor contends that they are to be served concurrently, we agree with Mr. Barclay's argument that the court did impose consecutive sentences without stating a basis for doing so.

Sentences imposed on the same day are classified as "'other current offenses.'" RCW 9.94A.525(1). Sentences involving current offenses must be served concurrently unless the charges involve serious violent offenses, which normally are served consecutively. RCW 9.94A.589(1)(a), (b). However, the ordering of sentences under these provisions can be altered when a basis for an exceptional sentence exists. RCW 9.94A.535; *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 166 P.3d 677 (2007); *State v. Smith*, 123 Wn.2d 51, 864 P.2d 1371 (1993), *overruled on other grounds by State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005).

Neither second degree burglary nor second degree assault is a serious violent offense. RCW 9.94A.030(44). Thus, the trial court was required by the terms of RCW 9.94A.589(1)(a) to treat each offense as another current offense and impose concurrent terms. However, on the burglary charge the court did not mention the assault count or otherwise treat it as a current offense in either the scoring of the burglary charge or the

ordering of that sentence. Instead, the court imposed sentence on the burglary count as if the assault conviction did not exist.

The court did the opposite on the assault sentencing. It did note the burglary as another current offense and directed that the assault sentence be served consecutively to the burglary sentence. It did not declare an exceptional sentence and did not enter any findings in support of an exceptional sentence as required by RCW 9.94A.535. While it is possible that the court may have imposed an exceptional sentence due to the defendant's high offender score or his extensive misdemeanor[4] history, it does not appear to have done so since it indicated that the criminal history was a reason for imposing higher standard range sentences than those recommended by the parties.

The trial court could not have imposed consecutive sentences under these facts without declaring an exceptional sentence.[5] Since it does not appear to have done so, we reverse the sentences and remand for a new sentencing proceeding.

Remanded for resentencing.

---

[4] *See* RCW 9.94A.535(2)(b), (c).

[5] A court has the power to run a sentence concurrently or consecutively to an existing sentence. RCW 9.94A.589(3). However, that provision is not applicable to offenses that are sentenced on the same day. RCW 9.94A.525(1).

Nos. 30475-2-III, 30477-9-III
State v. Barclay

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, J.