# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50169-4-II |
| Respondent, | |
| v. | |
| CURTIS K. K. ESCALANTE, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Curtis K. K. Escalante appeals the standard range sentence imposed following his guilty plea to two counts of human trafficking in the second degree. Escalante contends the State breached the parties' plea agreement and the sentencing court abused its discretion by not considering the mitigating factor he presented in support of an exceptional sentence downward. We affirm.

## FACTS

I.    PLEA AGREEMENT

The State originally charged Escalante with two counts of human trafficking in the first degree, one count of kidnapping in the first degree, one count of intimidating a witness, two counts of promoting commercial sexual abuse of a minor, one count of child molestation in the third degree, and one count of promoting prostitution in the second degree. The offenses involved multiple minor victims. One of the victims was A.M.A.

Following plea negotiations, Escalante agreed to plead guilty to two counts of human trafficking in the second degree with the aggravating factor that "any victim was a minor at the time of the offense." Clerk's Papers (CP) 12 & 13. Escalante's had a standard sentencing range sentence of 162-216 months. The State agreed to "request 216 mos." and Escalante was free to "request exceptional sentence downward." CP at 18.

During the guilty plea hearing, the trial court asked Escalante if he understood that the court did "not have to follow the recommendations of either the State or the defense when determining [Escalante's] sentence." Report of Proceedings (RP) (Feb. 13, 2017) at 16. Escalante responded, "I understand." RP (Feb. 13, 2017) at 16.

## II. SENTENCING HEARING

At the sentencing hearing, the State requested that Escalante be sentenced to the "high end" of the standard range sentence, or 216 months. RP (Mar. 10, 2017) at 29. In its sentencing memorandum, the State asserted that "Escalante ha[d] 6 points and a range of 162-216 months" and recommended a sentence of "216 months." CP at 69.

The State stated, "The legislature determined human trafficking in the second degree to be a Level XII offense, which is equivalent to an assault in the first degree level." CP at 72. It also told the court that second degree human trafficking of children "is . . . deplorable" and an aggravating factor under RCW 9.94A.535(3)(l).[1] CP at 72.

---

[1] RCW 9.94A.535(3)(l) provides that it is an aggravating factor if "[t]he current offense is trafficking in the first degree or trafficking in the second degree and any victim was a minor at the time of the offense."

A.M.A. attended the sentencing hearing, but did not want to speak. The State commented, "I do want to emphasize that I think she is afraid. Why wouldn't she be, you know, of [Escalante], of who [he] represent[s], of [his] attitude here today, of not taking responsibility, of not being contrite and remorseful about what [he] did." RP (Mar. 10, 2017) at 29.

Escalante requested an exceptional sentence downward, arguing the victims were willing participants. The court acknowledged Escalante's argument and stated that the mitigating factor was whether, "to a significant degree, the victims were initiator, willing participant, provoker. For purposes of establishing mitigating circumstances." RP (Mar. 10, 2017) at 68. The court later clarified, "With respect to whether or not the victim is a willing initiator, willing participant, aggressor, or provoker of the incident, again, in a particular crime, one might excuse the defendant's conduct at least in some part that it was less immoral because of something like that." RP (Mar. 10, 2017) at RP 87-88. The court continued by discussing the age of the victims and that they "don't have . . . the developed brain, if you will, to make [good] choices." RP (Mar. 10, 2017) at 92. Ultimately, the court concluded:

> I don't think, for instance, that there are mitigating circumstances here because I don't think the kind of willingness, if you will, or able to—willingness to cooperate or be an initiator, willing participant, or something applies in the circumstances where the victim is a minor at least in these kinds of circumstances.

RP (Mar. 10, 2017) at 93-94. Lastly, the court stated, "Anyway, I don't think that there is a basis for an exceptional downward." RP (Mar. 10, 2017) at 95.

The sentencing court sentenced Escalante to a standard range sentence of 200 months. Escalante appeals.

3

ANALYSIS

I.  BREACH OF PLEA AGREEMENT

Escalante argues that the State breached the parties' plea agreement by (1) arguing that the penalty for human trafficking is the equivalent of first degree assault; (2) arguing that second degree human trafficking of minors is an aggravating factor, (3) only tangentially and fleetingly referring to the State's 216 month recommendation, and (4) impermissibly speaking on behalf of A.M.A.  We disagree.

Whether a breach of a plea agreement has occurred is a question of law we review de novo. *State v. Neisler*, 191 Wn. App. 259, 265, 361 P.3d 278 (2015).  A defendant may raise the issue of a prosecutor's breach of a plea agreement for the first time on appeal.  *State v. Xaviar*, 117 Wn. App. 196, 199, 69 P.3d 901 (2003).  Because a defendant gives up important constitutional rights by agreeing to a plea bargain, due process considerations come into play.  *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997).  "Due process requires a prosecutor to adhere to the terms of the agreement."  *Sledge*, 133 Wn.2d at 839.  While the recommendation need not be made enthusiastically, "the State has a concomitant duty not to undercut the terms of the agreement explicitly or by conduct evidencing an intent to circumvent the terms of the plea agreement."  *Sledge*, 133 Wn.2d at 840.

In determining whether a prosecutor has breached a plea agreement's terms, we review the sentencing record as a whole using an objective standard.  *State v. Carreno-Maldonado*, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).  "When the prosecutor breaches a plea agreement, the appropriate remedy is to remand for the defendant to choose whether to withdraw the guilty plea or specifically enforce the State's agreement."  *State v. Jerde*, 93 Wn. App. 774, 782-83, 970 P.2d 781 (1999).

Escalante argues that the State breached the plea agreement by undermining Escalante's argument for an exceptional sentence below the standard range. The record, however, is to the contrary.

Escalante agreed to plead guilty to two counts of human trafficking in the second degree, with the aggravating factor that the victims were minors. The State agreed to drop several charges and recommend a standard range sentence. The State requested the high end of a standard range sentence both in its sentencing memorandum and during the sentencing hearing as agreed to in the plea agreement.

Additionally, per the plea agreement, Escalante could argue for an exceptional sentence below the standard range. Nowhere in the plea agreement did the State agree to support an exceptional sentence. The State does not breach a plea agreement by participating in a sentencing hearing. *State v. Talley*, 134 Wn.2d 176, 187, 949 P.2d 358 (1998). The State properly advocated for a standard range sentence, as agreed to in the plea agreement, and did not have to join Escalante's request for an exceptional sentence. The State's advocacy regarding the seriousness of the crimes, the charged aggravating factor to which Escalante admitted, and A.M.A's reluctance to speak at the sentencing hearing did not constitute a breach.

Because the State adhered to the terms of the parties' plea agreement, Escalante's argument fails.[2]

## II.    CONSIDERATION OF MITIGATING FACTOR

Escalante next argues that the sentencing court abused its discretion by failing to recognize its own authority to impose an exceptional sentence downward. We disagree.

---

[2] For this reason, we do not address Escalante's argument that he is entitled to choose his remedy on remand.

5

Generally, sentences within the standard sentence range are not appealable. RCW 9.94A.585(1); *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). A court has discretion to sentence a defendant within the standard sentence range, and so long as the sentence falls within the standard sentence range, there can be no abuse of discretion as to the sentence's length. RCW 9.94A.530(1); *State v. Williams*, 149 Wn.2d 143, 146-47, 65 P.3d 1214 (2003). But every "defendant *is* entitled to ask the trial court to consider [an exceptional] sentence and to have the alternative actually considered." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). Thus, a court that refuses categorically to consider such a request abuses its discretion. *Grayson*, 154 Wn.2d at 342.

Escalante requested an exceptional sentence below the standard range because, he argued, "'[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident.'" CP at 32 (quoting RCW 9.94A.535(1)). At the sentencing hearing, the court recognized Escalante's argument that "to a significant degree, the victims were initiator, willing participant, provoker. For purposes of establishing mitigating circumstances." RP (Mar. 10, 2017) at 68. The court later clarified, "With respect to whether or not the victim is a willing initiator, willing participant, aggressor, or provoker of the incident, again, in a particular crime, one might excuse the defendant's conduct at least in some part that it was less immoral because of something like that." RP (Mar. 10, 2017) at 87-88. The court continued by discussing the age of the victims and that they "don't have . . . the developed brain, if you will, to make [good] choices." RP (Mar. 10, 2017) at 92. Ultimately, the court concluded, "I don't think, for instance, that there are mitigating circumstances here." RP (Mar. 10, 2017) at 93-94. The court explained "I don't think the kind of willingness, if you will, or able to—willingness to cooperate or be an initiator, willing participant, or something applies in the circumstances where the victim is a minor at least in these

types of circumstances." RP (Mar. 10, 2017) at 94. Lastly, the court concluded, "Anyway, I don't think that there is a basis for an exceptional downward." RP (Mar. 10, 2017) at 95.

The court acknowledged and considered Escalante's request for an exceptional sentence, but concluded that based on the victims' age and immaturity they were not initiators, willing participants, aggressors, or provokers. Thus, the sentencing court did not fail to recognize the scope of its discretion, nor did it abuse its discretion.

III.     APPELLATE COSTS

Escalante asks that we decline to impose appellate costs if the State prevails on appeal. If the State makes a request for appellate costs, Escalante may challenge that request before a commissioner of this court under RAP 14.2.2.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Johanson, J.