**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**
**DIVISION ONE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>       v.<br><br>RYAN EUGENE JOHNSTON,<br><br>                Appellant. | No. 81592-0-I<br><br><br>UNPUBLISHED OPINION |

PER CURIAM — Ryan Johnston was charged with assault in the first degree for an attack on a sleeping homeless man. The parties entered into a plea agreement whereby Johnston pleaded guilty to an amended charge of attempted assault in the first degree and both parties agreed to recommend a low-end standard range sentence of 76.5 months in prison.

At the sentencing hearing, the State presented a video in which the detectives and the victim's social worker talk about what happened to the victim, the extent of his severe injuries, and his inability to care for himself. The prosecutor then set out the State's low-end recommendation of 76.5 months in prison on the most serious charge. The trial court directly asked the prosecutor, "And what was the police department's position on this?" The prosecutor answered, "I think the police department—the

Citations and pin cites are based on the Westlaw online version of the cited material.

detective's position is they are in disagreement with our recommendation."  The sentencing court imposed a mid-range sentence of 88.5 months in prison, 12 months above the agreed recommendation.

Johnston appealed, arguing that the State breached the plea agreement by presenting the video and by answering the sentencing court's question about law enforcement's position on the State's recommendation.

The State does not agree with Johnston's contention that it breached the plea agreement by answering a direct question from the sentencing court.  See State v. Talley, 134 Wn.2d 176, 183, 949 P.2d 358 (1998) (a prosecutor is obligated "to act in good faith, participate in the sentencing proceedings, [and] answer the court's questions candidly in accordance with RPC 3.3").  However, the State concedes that the video played at sentencing constituted a breach of the plea agreement because, viewed objectively and in light of the parties' agreement to jointly recommend a low-end sentence, the investigating officers' statements in the video implicitly advocated for a higher sentence.  "A breach occurs when the State offers unsolicited information by way of report, testimony, or argument that undercuts the State's obligations under the plea agreement."  State v. Carreno-Maldonado, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

The State asks this court to accept its concession and remand to the trial court for the defendant to select an appropriate remedy.

We accept the State's concession and remand to the trial court for further proceedings consistent with this opinion.

_Appelwick, J._

WE CONCUR:

_Mann, C.J._