COURT OF APPEALS DIV
2018 JAN 16 AM 8: 57


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75547-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL JAMES SULAK, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 16, 2018 |

TRICKEY, A.C.J. — Michael Sulak entered a plea agreement in which the State agreed to recommend a Special Sex Offender Sentencing Alternative (SSOSA). At the sentencing hearing, the prosecutor purported to abide by the plea agreement but voiced several concerns about the appropriateness of a SSOSA. By highlighting these concerns, the State effectively undermined, and therefore breached, the plea agreement. As a result of this breach of the plea agreement, we reverse and remand for Sulak to either withdraw his plea or enforce the plea agreement.

## FACTS

Sulak was charged with three counts of third degree rape and one count of unlawfully harboring a minor. He agreed to plead guilty as charged in exchange for the State's recommendation of a SSOSA and concurrent 364 days for the harboring charge.

The Department of Corrections (DOC) submitted a presentence investigation report that recommended a term of regular confinement, rather than a SSOSA. The report took into account the victim's wishes and an apparent pattern of sexual abuse of minors, and raised concerns about whether sexual deviancy treatment would be appropriate or effective for Sulak. The report noted that Sulak had been in sexual offender treatment for over a year but still engaged in victim blaming and did not take responsibility for his actions or display victim empathy. The report also detailed allegations from another underage victim, that Sulak had failed to accurately disclose.[1]

At Sulak's sentencing hearing, the State hesitated in recommending a SSOSA despite the plea agreement. Specifically, the State noted the contents of the presentencing report, the victim's lack of support for a SSOSA, and Sulak's apparent failure to progress in treatment. The State also highlighted the existence of an earlier victim, who was present and interested in testifying at the hearing. After citing the concerns, the State claimed to stand by the plea agreement. The prosecutor told the court, "I struggle in that I made an agreement, but I also reviewed all the facts, and I am more concerned about community safety and the fact [Sulak] hasn't seemed to progress as far as I had expected in the treatment."[2]

Sulak protested the State's equivocation in recommending the sentence stipulated by the plea. Sulak noted that the State had agreed to recommend a SSOSA and he had relied on that agreement. The court determined that the State

---

[1] During his sexual history evaluation, Sulak admitted to having sexual contact with a 17-year-old girl. However, a police detective's report lists the victim as 16 years old with sexual abuse continuing for approximately one year.
[2] Report of Proceedings (RP) (May 4, 2016) at 24.

had not retracted the recommendation but had "undermined it to some extent."[3] The court then postponed sentencing in order for Sulak to decide whether he wanted to proceed or withdraw the plea and the parties to research the law pertaining to undermined pleas. The sentencing court also requested that the parties clarify the evidence, including the inconsistencies in Sulak's history of sexual contact with minors.

At the next hearing, Sulak argued that the State had undermined the plea agreement and moved to withdraw his plea. The State reiterated commitment to the plea agreement and recommended a SSOSA. The prosecutor emphasized support for the SSOSA several times, and concluded by saying, "I have been, I always was, and I still am in support of the SSOSA, the plea agreement as mentioned in his guilty plea statement, and as presented to the Court."[4]

The trial court determined that the State had not undermined the plea. The court concluded, that although the State's comments "raised a concern for the Court," they did not "rise to the level of where the Court is required to and must allow the plea to be withdrawn on the basis that the agreement, itself, is abrogated and somehow undermined significantly."[5] After denying Sulak's motion to withdraw the plea, the court imposed standard range prison sentences, rather than the SSOSA.

Sulak appeals.

---

[3] RP (May 4, 2016) at 30.
[4] RP (June 8, 2016) at 17.
[5] RP (June 8, 2016) at 27.

## ANALYSIS

### Plea Agreement

Sulak argues that the State undermined, and therefore breached, the plea agreement. We agree.

A plea agreement is a contract between the State and the defendant and includes the basic contract principles of good faith and fair dealing. State v. Sledge, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997). Plea agreements also raise due process considerations because they implicate fundamental rights of the accused. Sledge, 133 Wn.2d at 839. These due process considerations require the State to comply with the plea agreement. Sledge, 133 Wn.2d at 839.

"[P]rosecutorial conduct is very important to the integrity of the plea bargaining process." State v. Talley, 134 Wn.2d 176, 183, 949 P.2d 358 (1998). The prosecutor must fulfill the State's duty under the plea agreement by making the sentence recommendation. Sledge, 133 Wn.2d at 840. While the recommendation need not be made enthusiastically, "the State has a concomitant duty not to undercut the terms of the agreement explicitly or by conduct evidencing an intent to circumvent the terms of the plea agreement." Sledge, 133 Wn.2d at 840. "A breach occurs when the State offers unsolicited information by way of report, testimony, or argument that undercuts the State's obligations under the plea agreement." State v. Carreno-Maldonado, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

The State cannot contradict the recommendation through words or conduct. Talley, 134 Wn.2d at 186; see Carreno-Maldonado, 135 Wn. App. at 83. Also, the

State cannot highlight reasons for the court to depart from the recommended sentence. See State v. Xaviar, 117 Wn. App. 196, 201, 69 P.3d 901 (2003) (plea agreement breached where State signaled lack of support for the recommended sentence by emphasizing aggravating factors); State v. Lake, 107 Wn. App. 227, 233-34, 27 P.3d 232 (2001) (plea agreement breached when the prosecutor undercut the recommendation by casting doubt on defendant's suitability for a SSOSA); State v. Van Buren, 101 Wn. App. 206, 217, 2 P.3d 991 (2000) (State undermined plea by downplaying the recommendation, focusing on aggravating factors in the presentence report, and proposing an additional aggravating factor); State v. Jerde, 93 Wn. App. 774, 782, 970 P.2d 781 (1999) (State undermined the plea by unnecessarily commenting on the presentence report and underscoring aggravating factors for an exceptional sentence); Sledge, 133 Wn.2d at 843 (State undermined plea by eliciting testimony and giving a summation detailing aggravating factors for an exceptional sentence); In re Matter of Palodichuk, 22 Wn. App. 107, 108-09, 589 P.2d 269 (1978) (State breached the plea agreement when prosecutor detailed the defendant's past record and noted "'second thoughts'" about the recommendation), abrogated by State v. Henderson, 99 Wn. App. 369, 993 P.2d 928 (2000).

We apply an objective standard to the sentencing record as a whole to determine whether the State has breached the agreement. Sledge, 133 Wn.2d at 843 n.7; Carreno-Maldonado, 135 Wn. App. at 83.

Here, the State recommended a SSOSA as required by Sulak's plea agreement, but raised several concerns at the sentencing hearing. The State

reiterated the victim's lack of support for a SSOSA, presented an earlier victim who was interested in speaking to the court, and highlighted examples of victim blaming that indicated Sulak's failure to progress in his sex offender treatment. The State acknowledged the existence of the plea agreement but questioned the appropriateness of a SSOSA in light of Sulak's lack of progress in treatment and potential community safety issues.

By raising these issues, the State committed many errors that have previously been found to impermissibly undermine a plea agreement. The State reiterated harmful information already before the trial court in the presentencing report, including an alleged prior victim who was available to address the court. See Jerde, 93 Wn. App. at 782. The State raised facts to support departure from the recommended sentence. See Xaviar, 117 Wn. App. at 201; Lake, 107 Wn. App. at 233-34; Van Buren, 101 Wn. App. at 217; Jerde, 93 Wn. App. at 782; Sledge, 133 Wn.2d at 840. The State expressly stated reservations about the recommended sentence. See Palodichuk, 22 Wn. App. at 108. Finally, the State raised specific concerns about Sulak's suitability for a SSOSA. See Lake, 107 Wn. App. at 233-34.

The State's spontaneously raised concerns and emphasis on factors against a SSOSA clearly undermined the agreed sentencing recommendation and breached the plea. Breach of a plea agreement is reversible error and not subject to harmless error analysis. State v. MacDonald, 183 Wn.2d 1, 8, 346 P.3d 748 (2015). "The prosecutor's conduct in failing to make the bargained-for recommendation eliminates the basis for the bargain struck. . . . Such an error

6

infects the entire proceeding and, as such, it is a structural error that cannot be harmless." Carreno-Maldonado, 135 Wn. App. at 88.

The State contends that the sentencing record, as a whole, reflects that the State upheld the plea and gave a strong recommendation at the second hearing. While the State may have fully supported a SSOSA at the second hearing, the plea agreement had already been breached by the State's actions during the initial hearing. The State has not provided legal authority to support that the State can cure an undermined plea agreement. The inapplicability of harmless error review to the State's breach of a plea agreement suggests that subsequent actions cannot save the plea once it has been undermined.

The prosecutor's expressed reservations undermined the SSOSA recommendation and breached the plea. No subsequent showing of support, no matter how vigorous, can undo the structural error committed by breaching the plea.

"When the prosecutor breaches a plea agreement, the appropriate remedy is to remand for the defendant to choose whether to withdraw the guilty plea or specifically enforce the State's agreement." Jerde, 93 Wn. App. at 782-83. Therefore, we reverse and remand for Sulak to withdraw his plea or enforce the plea agreement before a different judge.

Reversed and remanded for further proceedings consistent with this opinion.

Trickey, ACJ

WE CONCUR:

Schindler, J

Cox, J.